■ SOLOMON ABRAHAMS, P. C., Appellant, v PEDDLERS POND HOLDING CORP., Respondent.—In an action to recover the value of legal services rendered, the plaintiff appeals from an order of the Supreme Court, Westchester County (Walsh, J.), entered April 15, 1986, which granted the defendant's application to vacate a default judgment and permitted it to serve an answer to the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action by service on the Secretary of State on May 10, 1984. When the defendant failed to answer, the plaintiff obtained a default judgment in the principal amount of $18,807.50 on June 12, 1984, 33 days after said service. By order to show cause dated March 13, 1986, the defendant moved to vacate the default judgment on the ground that it never received a copy of the summons and complaint from the Secretary of State. The defendant stated that the first notice it received of the plaintiff's claim against it was the receipt of a notice of execution, dated January 14, 1986, from the Sheriff of Westchester County. The defendant further asserted that it has a meritorious defense to the plaintiff's action to recover the value of legal services rendered. In an affidavit dated March 11, 1986, Karl Weimer, the president of the defendant corporation, stated: "Notwithstanding, Peddlers made payments to Abrahams from January, 1983 to August 9, 1984, for legal services rendered, by numerous checks in the total amount of $25,274 * * * Abrahams has

been paid in full for all legal services rendered by Abrahams on behalf of Peddlers Pond."

In an affirmation in opposition to the motion, the plaintiff stated that "the monies that were received by your deponent were reimbursements of monies advanced by plaintiff and were for monies to be held in escrow". No reply affidavit was submitted by the defendant.

On this appeal, the plaintiff argues that the defendant failed to establish a meritorious defense because it did not interpose a reply affidavit denying the plaintiff's contentions that the moneys paid to him were not for legal fees.

In seeking to vacate the default judgment, the defendant relies upon the provisions of CPLR 317, which states, in part, that: "A person served with a summons other than by personal delivery to him or to his agent for service designated under rule 318, within or without the state, who does not appear may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment, but in no event more than five years after such entry, upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense".

From the plain language of CPLR 317 and CPLR 318, the Secretary of State is not to be considered an agent pursuant to CPLR 318 (see, Wakerman Leather Co. v Foster Sportswear Co., 27 AD2d 767). In Eugene Di Lorenzo, Inc. v Dutton Lbr. Co. (67 NY2d 138, 141-142), the requisite elements to vacate a default judgment, after service of process on the Secretary of State were set forth, as follows: "As has been emphasized in numerous cases, there is no necessity for a defendant moving pursuant to CPLR 317 to show a 'reasonable excuse' for its delay (see, e.g., Simon & Schuster v Howe Plastics & Chems. Co., 105 AD2d 604, 605; Zuppa v Bison Drywall & Insulation Co., 93 AD2d 997). It is also well established that service on a corporation through delivery of process to the Secretary of State is not 'personal delivery' to the corporation or to an agent designated under CPLR 318 (see, e.g., Taieb v Hilton Hotels Corp., 60 NY2d 725; Cecelia v Colonial Sand & Stone Co., 85 AD2d 56, 57). Thus, corporate defendants served under Business Corporation Law § 306 have frequently obtained relief from default judgments where they had a wrong address on file with the Secretary of State, and consequently, did not receive actual notice of the action in time to defend (see, e.g., Union Indem. Ins. Co. v 10-01 50th Ave. Realty Corp., 102 AD2d 727; Meyer v Fisher & Sons Dental Lab., 90 AD2d 889)".

In this case, the defendant alleged that it did not personally receive notice of the summons in time to defend. Therefore, the only remaining issue is whether the defendant has demonstrated a meritorious defense. In our view, the affidavit of the defendant's president, together with the annexed photostatic copies of checks payable to the plaintiff, sufficiently raises an issue as to the existence of a meritorious defense within the purview of CPLR 317 so as to support a motion to vacate a default judgment obtained as a result of service upon the Secretary of State. The plaintiff's argument that the defendant was required to reply to his contention that the moneys paid to him were loans is without merit. The issue of fact as to payment was sufficiently raised by the affidavit of the defendant's president and the annexed exhibits.

Accordingly, the court properly granted the defendant's motion to vacate the default judgment and the execution served in the plaintiff's attempted enforcement of the judgment. Mollen, P. J., Bracken, Brown and Spatt, JJ., concur.