■ Guy Grosso, Respondent, v MTO Associates Limited Partnership, Appellant. [784 NYS2d 576]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Orange County (Owen, J.), dated December 18, 2003, which denied its motion pursuant to CPLR 317 to vacate a judgment dated January 29, 2002, against it upon its failure to appear or answer.

Ordered that the order is reversed, on the facts, with costs, the motion is granted, the judgment dated January 29, 2002, is vacated, and the answer attached to the defendant's motion papers is deemed served.

The plaintiff commenced this action to recover damages for personal injuries allegedly incurred on premises owned by the defendant. The plaintiff served process upon the defendant via service upon the Secretary of State. The address on file for the defendant with the Secretary of State was an old address at which the defendant had not been located for over a year at the time of service. The summons and complaint were returned by the postal authorities for the reason: "Forwarding Order/Time Expired." The Supreme Court granted the plaintiff's motion for leave to enter a default judgment and, after an inquest, the plaintiff was awarded a judgment against the defendant.

The Supreme Court erred in denying the defendant's motion to vacate the judgment. CPLR 317 provides, inter alia, that a defendant is entitled to vacatur of a default judgment if it is established that the defendant did not receive personal notice of the summons in time to defend and has a meritorious defense (*see* CPLR 317; *Samet v Bedford Flushing Holding Corp.*, 299 AD2d 404, 405 [2002]). Contrary to the Supreme Court's finding, there is no evidence that the defendant deliberately attempted to avoid notice of the action. There is no evidence that the defendant was on notice of the fact that an old address was on file with the Secretary of State (*see Samet v Bedford Flushing Holding Corp.*, *supra* at 405; *compare Santiago v Sansue Realty Corp.*, 243 AD2d 622, 622-623 [1997]; *Conte Cadillac v C.A.R.S. Purch. Serv.*, 126 AD2d 621, 622 [1987]). Additionally, the record shows that the plaintiff was familiar with the defendant's actual place of business (*see Trujillo v ATA Hous. Corp.*, 281 AD2d 538, 539 [2001]; *Celifarco v Command Bus Co.*, 107 AD2d 785, 786 [1985]). Moreover, the defendant has alleged facts sufficient to demonstrate a meritorious defense, insofar as the subject premises were leased to another entity at the time of the incident (*see Winby v Kustas*, 7 AD3d 615 [2004]). Under the circumstances, the defendant was entitled to relief pursuant to CPLR 317. Santucci, J.P., Smith, S. Miller, Cozier and Fisher, JJ., concur.