■ HON-KUEN LO, Respondent, v GONG PARK REALTY CORP., Appellant. [792 NYS2d 145]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (M. Garson, J.), dated October 5, 2004, which denied its motion pursuant to CPLR 317 to vacate a prior order of the same court dated October 3, 2003, granting, without opposition, the plaintiff's motion for leave to enter judgment upon its default in answering and setting the matter down for an inquest.

Ordered that the order is reversed, on the facts, with costs, the defendant's motion is granted, the order dated October 3, 2003, is vacated, and the answer attached to the defendant's motion papers is deemed served.

The Supreme Court erred in denying the defendant's motion to vacate the order dated October 3, 2003. CPLR 317 provides, inter alia, that a defendant is entitled to vacatur if it establishes that it did not receive personal notice of the summons in time to defend, and has a meritorious defense (*see* CPLR 317; *Samet v Bedford Flushing Holding Corp.*, 299 AD2d 404, 405 [2002]). There is no evidence that the defendant was on notice of the fact that an old address was on file with the Secretary of State (*see Grosso v MTO Assoc. Ltd. Partnership*, 12 AD3d 402 [2004]; *Samet v Bedford Flushing Holding Corp., supra* at 405; *compare Santiago v Sansue Realty Corp.*, 243 AD2d 622, 622-623 [1997]; *Paul Conte Cadillac v C.A.R.S. Purch. Serv.*, 126 AD2d 621, 622 [1987]). Additionally, the record shows that the plaintiff was aware of the defendant's actual place of business (*see Grosso v MTO Assoc. Ltd. Partnership, supra; Trujillo v ATA Hous. Corp.*, 281 AD2d 538, 539 [2001]). Moreover, in view of the general allegations of negligence in the complaint, the defendant alleged facts sufficient to demonstrate a meritorious defense.

Under the circumstances, the defendant was entitled to relief pursuant to CPLR 317. Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.