■ Marco Calderon, Appellant, v 163 Ocean Tenants Corp., Respondent. [811 NYS2d 428]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated December 2, 2004, as granted those branches of the defendant's motion which were pursuant to CPLR 317 to (a) vacate an order of the same court dated December 19, 2001, granting the plaintiff's motion for leave to enter judgment against the defendant upon its default in answering and to set the matter down for an inquest on damages, and (b) vacate a judgment of the same court dated May 22, 2002, entered upon the order and inquest.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in granting the defendant's motion to vacate the order and judgment entered upon its failure to appear or answer. "The decision as to the setting aside of a default in answering is generally left to the sound discretion of the Supreme Court, the exercise of which will generally not be disturbed if there is support in the record therefor" (*MacMarty, Inc. v Scheller,* 201 AD2d 706, 707 [1994]). CPLR 317 permits a defendant who has been "served with a summons other than by personal delivery" to seek relief from a default upon a showing that it did not receive actual notice of the summons in time to defend, and has a meritorious defense (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138 [1986]; *Hon-Kuen Lo v Gong Park Realty Corp.,* 16 AD3d 553 [2005]; *Grosso v MTO Assoc. Ltd. Partnership,* 12 AD3d 402 [2004]; *Ford v 536 E. 5th St. Equities,* 304 AD2d 615 [2003]). Here, the defendant established its entitlement to seek relief pursuant to CPLR 317 by showing that ser-

vice was made by delivery of process to the Secretary of State rather than by personal delivery (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., supra* at 142). Furthermore, the affidavits which the defendant submitted in support of its motion were sufficient to demonstrate that it did not receive actual notice of the commencement of this action in time to defend (*see Hon-Kuen Lo v Gong Park Realty Corp., supra; Ford v 536 E. 5th St. Equities, supra*), and there is no evidence that the defendant deliberately attempted to avoid notice of the action by designating its cooperative building as its address for service of process (*see Grosso v MTO Assoc. Ltd. Partnership, supra; Raiola v 1944 Holding,* 1 AD3d 296 [2003]; *Brockington v Brookfield Dev. Corp.,* 308 AD2d 498 [2003]). In addition, the defendant established the existence of a meritorious defense to both the common-law negligence claim pleaded in the plaintiff's original complaint, and the General Municipal Law § 205-e claim which was asserted for the first time in the amended complaint annexed to the plaintiff's opposition papers (*see Rabinowitz v City of New York,* 286 AD2d 724 [2001]; *Infante v State of New York,* 266 AD2d 130 [1999]; *Regina v Ogden Aviation Servs.,* 258 AD2d 574 [1999]). Santucci, J.P., Goldstein, Fisher and Lunn, JJ., concur.