■ Lisa Rios, Appellant, v Starrett City, Inc., et al., Respondents. [818 NYS2d 526]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruditzky, J.), dated June 27, 2005, which granted that branch of the defendants' motion which was to vacate a judgment of the same court (M. Garson, J.), entered May 22, 2002, upon their default in answering or appearing, which was in favor of her and against the defendants in the principal sum of $75,000.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was to vacate a default judgment. "The decision as to the setting aside of a default in answering is generally left to the sound discretion of the Supreme Court, the exercise of which will generally not be disturbed if there is support in the record therefor" (*Calderon v 163 Ocean Tenants Corp.*, 27 AD3d 410 [2006] [internal quotation marks omitted]; *see MacMarty, Inc. v Scheller*, 201 AD2d 706, 707 [1994]). Pursuant to CPLR 317, a defendant is entitled to vacatur of a default judgment if it is established that the defendant did not receive personal notice of the summons in time to defend and has a meritorious defense (*see* CPLR 317). The defendants established that they did not receive actual notice of this action in time to defend. There is no evidence that they deliberately attempted to avoid notice of this action (*see Grosso v MTO Assoc. Ltd. Partnership*, 12 AD3d 402, 403 [2004]; *Samet v Bedford Flushing Holding Corp.*, 299 AD2d 404, 405 [2002]). In addition, the defendants established the existence of a possibly meritorious defense. Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.