■ SVETLANA TSELIKMAN et al., Appellants, v MARVIN COURT, INC., et al., Respondents. [824 NYS2d 298]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Rosenberg, J.), dated July 29, 2005, which granted the defendants' motion to vacate pursuant to CPLR 317 a prior order of the same court (M. Garson, J.), dated April 8, 2003, granting, without opposition, their motion for leave to enter judgment upon the defendants' default in appearing or answering and setting the matter down for an inquest, and to compel them to accept the defendants' untimely answer.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court providently exercised its discretion in granting the defendants' motion to vacate the order entered upon their failure to appear or answer. CPLR 317 permits a defendant who has been "served with a summons other than by personal delivery" to defend the action upon a finding of the court that the defendant "did not personally receive notice of the summons in time to defend and has a meritorious defense" (*Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *see Calderon v 163 Ocean Tenants Corp.*, 27 AD3d 410 [2006]; *Hon-Kuen Lo v Gong Park Realty Corp.*, 16 AD3d 553 [2005]; *Grosso v MTO Assoc. Ltd. Partnership*, 12 AD3d 402, 403 [2004]). The defendants, who were served through delivery of process to the Secretary of State, established that they did not receive personal notice of the summons in time to defend (*see Calderon v 163 Ocean Tenants Corp., supra* at 410-411; *Ford v 536 E. 5th St. Equities*, 304 AD2d 615 [2003]). Furthermore, there is no basis to conclude that the defendants deliberately attempted to avoid notice of the action. There was no evidence that the defendants were on notice of the failure to designate a new registered agent for service or that an old address was on file with the Secretary of State (*see Calderon v 163 Ocean Tenants Corp., supra* at 411; *Grosso v MTO Assoc. Ltd. Partnership, supra* at 403; *Raiola v 1944 Holding*, 1 AD3d 296 [2003]; *Brockington v Brookfield Dev. Corp.*, 308 AD2d 498, 499 [2003]). In addition, the plaintiffs were aware of the defendants' actual business address (*see Hon-Kuen Lo v Gong Park Realty Corp., supra*; *Grosso v MTO Assoc. Ltd. Partnership, supra*; *Trujillo v ATA Hous. Corp.*, 281 AD2d 538, 539 [2001]). Finally, the affidavits submitted by the defendants were sufficient to

demonstrate a meritorious defense (*see Hon-Kuen Lo v Gong Park Realty Corp., supra*). Florio, J.P., Crane, Luciano, Spolzino and Covello, JJ., concur.