■ Dulce M. Munoz, Appellant, v Jose F. Reyes, Respondent. [836 NYS2d 698]—

Appeal by the plaintiff from an order of the Supreme Court, Rockland County (Smith, J.), dated September 26, 2005, which granted the defendant's motion pursuant to CPLR 3211 (a) (8) to dismiss the action.

Ordered that the order is affirmed, with costs.

The Supreme Court properly dismissed the instant action for lack of personal jurisdiction. Pursuant to CPLR 308 (2), service of process may be made, inter alia, by delivery of the summons within the state to a person of suitable age and discretion "at the [defendant's] actual place of business, dwelling place or usual place of abode," and by mailing the summons to the defendant at either his or her last known residence or actual place of business. "Jurisdiction is not acquired pursuant to CPLR 308 (2) unless both the delivery and mailing requirements have been strictly complied with" (*Ludmer v Hasan*, 33 AD3d 594 [2006]). Moreover, "[t]he plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process" (*Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343 [2003]).

Here, the plaintiff failed to proffer any proof of service to show that service of the summons with notice had been properly effected in compliance with the statute. Additionally, according to the defendant's unrefuted allegations, the plaintiff's attempt at service violated CPLR 2103 (a) (*see Matter of Wein v Thomas*, 51 NY2d 862, 863 [1980], *affg* 78 AD2d 611 [1980]; *Matter of Sloan v Knapp*, 10 AD3d 434 [2004]; *Ali v Communicar Car Serv.*, 282 AD2d 413 [2001]; *Miller v Bank of N.Y. [Del.]*, 226 AD2d 507, 507-508 [1996]).

To the extent that the appellant's brief refers to matter dehors the record, such matter is not properly before this Court and has not been considered in the determination of the appeal. Prudenti, P.J., Fisher, Dillon and Dickerson, JJ., concur.