CARLOS ALBERTO GIRARDO, Appellant, v 99-27 REALTY, LLC, Respondent, et al., Defendant. [878 NYS2d 401]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated July 14, 2008, which granted the motion of the defendant 99-27 Realty, LLC, for leave to reargue that defendant's prior motion, inter alia, pursuant to CPLR 317 to vacate a judgment of the same court entered May 9, 2006, upon its default in appearing and answering, which had been denied in an order dated January 30, 2008, and upon reargument, granted the motion, inter alia, pursuant to CPLR 317 to vacate the judgment.

Ordered that the order dated July 14, 2008 is affirmed, with costs.

The Supreme Court providently exercised its discretion in granting the respondent leave to reargue and, upon reargument, granting the respondent's motion, inter alia, pursuant to CPLR 317 to vacate the judgment entered against it upon its default in appearing and answering the complaint. CPLR 317 permits a defendant that has been "served with a summons other than by personal delivery" to defend the action upon a finding of the court that the defendant "did not personally receive notice of the summons in time to defend and has a meritorious defense" (*Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986] [internal quotation marks omitted]; *see Taieb v Hilton Hotels Corp.,* 60 NY2d 725, 728 [1983]; *Reyes v DCH Mgt., Inc.,* 56 AD3d 644 [2008]; *Franklin v 172 Aububon Corp.,* 32 AD3d 454, 455 [2006]; *Brockington v Brookfield Dev. Corp.,* 308 AD2d 498 [2003]). The respondent, which was served through delivery of process to the Secretary of State, established that it did not personally receive notice of the summons in time to defend (*see Calderon v 163 Ocean Tenants Corp.,* 27 AD3d 410, 410-411 [2006]; *Ford v 536 E. 5th St. Equities,* 304 AD2d 615 [2003]). Furthermore, there is no basis to conclude that the respondent deliberately attempted to avoid notice of the action (*see Tselikman v Marvin Ct., Inc.,* 33 AD3d 908, 909 [2006]; *Hon-Kuen Lo v Gong Park Realty Corp.,* 16 AD3d 553 [2005]; *Grosso v MTO Assoc. Ltd. Partnership,* 12 AD3d 402, 403 [2004]). In addition, the respondent established the existence of a meritorious defense (*cf. Yannotti v Four Bros. Homes at Heartland Condominium I,* 24 AD3d 659, 660 [2005]; *Zabbia v Westwood, LLC,* 18 AD3d 542, 544 [2005]; *Myrow v City of Poughkeepsie,* 3 AD3d 480, 481 [2004]).

The Supreme Court providently exercised its discretion in extending the time period set forth in CPLR 317 in light of the respondent's excuse for the short delay in moving to vacate the judgment and the public policy of determining actions on the merits (*cf.* CPLR 2004, 2005; *F & C Gen. Contrs. Corp. v Atlantic Mut. Mtge. Corp.,* 202 AD2d 629, 629-630 [1994]; *Allen v Preston,* 123 AD2d 303, 303-304 [1986]; *Levine v Berlin,* 46 AD2d 902, 903 [1974]). Rivera, J.P., Dillon, Covello, Eng and Hall, JJ., concur.