■ Amy Cohen, Appellant-Respondent, v Michelle Tenants Corp., Respondent-Appellant. [882 NYS2d 282]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated February 26, 2008, as granted that branch of the defendant's motion which was to vacate a judgment of the same court

(O'Donoghue, J.) entered April 19, 2006, which, upon an order of the same court dated June 27, 2002, granting the plaintiff's unopposed motion for leave to enter judgment against the defendant on the issue of liability upon its default in appearing or answering the complaint, and after an inquest on the issue of damages, was in favor of the plaintiff and against the defendant in the principal sum of $140,000, and the defendant cross-appeals, as limited by its brief, from so much of the order dated February 26, 2008, as denied that branch of its motion which was pursuant to CPLR 3215 (c) to dismiss the complaint.

Ordered that the order dated February 26, 2008 is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

CPLR 317 permits a defendant who has been "served with a summons other than by personal delivery" to defend the action upon a finding of the court that the defendant "did not personally receive notice of the summons in time to defend and has a meritorious defense" (CPLR 317; *see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]; *Taieb v Hilton Hotels Corp.,* 60 NY2d 725, 728 [1983]; *Reyes v DCH Mgt., Inc.,* 56 AD3d 644 [2008]; *Franklin v 172 Aububon Corp.,* 32 AD3d 454 [2006]; *Brockington v Brookfield Dev. Corp.,* 308 AD2d 498 [2003]). The defendant, which was served by service of process upon the Secretary of State, established that it did not receive personal notice of the summons in time to defend (*see Calderon v 163 Ocean Tenants Corp.,* 27 AD3d 410, 410-411 [2006]; *Ford v 536 E. 5th St. Equities,* 304 AD2d 615 [2003]). Furthermore, there is no basis to conclude that the defendant deliberately attempted to avoid notice of the action. There was no evidence that the defendant was on notice that an old address was on file with the Secretary of State (*see Tselikman v Marvin Ct., Inc.,* 33 AD3d 908, 909 [2006]; *Hon-Kuen Lo v Gong Park Realty Corp.,* 16 AD3d 553 [2005]; *Grosso v MTO Assoc. Ltd. Partnership,* 12 AD3d 402 [2004]). In addition, the defendant established the existence of a potentially meritorious defense (*see Hawkins v Carter Community Hous. Dev. Fund Corp.,* 40 AD3d 812, 813 [2007]; *Joseph v Villages at Huntington Home Owners Assn., Inc.,* 39 AD3d 481, 482 [2007]).

The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3215 (c) to dismiss the complaint. The plaintiff actively took proceedings for the entry of judgment within one year after the default and thereby complied with the statute (*see Bank of N.Y. v Gray,* 228 AD2d 399, 400 [1996]; *Q.P.I. Rests. v Slevin,* 93 AD2d 767, 768 [1983]).

The plaintiff's remaining contention is without merit. Rivera, J.P., Dillon, Covello, Eng and Hall, JJ., concur.