■ KEISHA PEARSON, Also Known as TISHA PEARSON, Appellant, v 1296 PACIFIC STREET ASSOCIATES, INC., et al., Defendants, and 1296 PACIFIC, LLC, Respondent. [886 NYS2d 898]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated November 24, 2008, which granted those branches of the motion of the defendant 1296 Pacific, LLC, which were pursuant to CPLR 5015 (a) (4) to vacate a judgment of the same court (Kurtz, Ct. Atty. Ref.) dated November 28, 2007, and entered upon that defendant's default in answering the complaint and, inter alia, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against that defendant for lack of personal jurisdiction, and denied, as academic, her motion to hold nonparty witness Daniel Ruben in civil and criminal contempt for failing to respond to certain subpoenas.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted those branches of the motion of the defendant 1296 Pacific, LLC (hereinafter 1296 Pacific), which were pursuant to CPLR 5015 (a) (4) to vacate the judgment entered upon that defendant's default in answering the complaint and, inter alia, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction.

"The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process" (*Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343 [2003]; *see Anderson v GHI Auto Serv., Inc.*, 45 AD3d 512, 513 [2007]). Here, there is no affidavit of service or other proof in the record on appeal to establish that the plaintiff effected proper service of process upon 1296 Pacific (*see Munoz v Reyes*, 40 AD3d 1059 [2007]). In the absence of proper service of process, the resulting default judgment entered against 1296 Pacific was a nullity (*see Ruffin v Lion Corp.*, 63 AD3d 814, 816 [2009]; *Steele v Hempstead Pub Taxi*, 305 AD2d 401, 402 [2003]), and the complaint was properly dismissed insofar as asserted against that defendant (*see* CPLR 3211 [a] [8]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Florio, Balkin and Leventhal, JJ., concur.