ALAN FLEISHER, Respondent, v MAMADY KABA et al., Appellants. [912 NYS2d 604]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Spinner, J.), dated August 26, 2009, which denied their motion (a) to vacate a judgment of the same court entered March 3, 2008, upon an order of the same court dated February 27, 2007, granting the plaintiff's unopposed motion for leave to enter judgment on the issue of liability upon their default in appearing or answering the complaint and after an inquest on the issue of damages, which was in favor of the plaintiff and against them in the principal sum of $500,000, and (b) for leave to serve a late answer.

Ordered that the order dated August 26, 2009, is reversed, on

the law, with costs, the defendants' motion to vacate the judgment entered March 3, 2008, and for leave to serve a late answer is granted, the judgment is vacated, the plaintiff's motion for leave to enter judgment on the issue of liability is denied, and the order dated February 27, 2007, is modified accordingly.

That branch of the defendants' motion which was to vacate the judgment insofar as it was against the defendant Chamise Corp. (hereinafter Chamise), entered upon its failure to appear or answer, should have been granted. Although the defendants' motion was made pursuant to CPLR 5015 (a) (1), under the circumstances of this case, it may also be treated as a motion made pursuant to CPLR 317 (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 142-143 [1986]; *Gonzalez v City of New York*, 65 AD3d 569, 570 [2009]; *Hospital for Joint Diseases v Lincoln Gen. Ins. Co.*, 55 AD3d 543, 544 [2008]; *Mann-Tell Realty Corp. v Cappadora Realty Corp.*, 184 AD2d 497, 498 [1992]). CPLR 317 permits a defendant who has been "served with a summons other than by personal delivery" to defend the action upon a finding of the court that the defendant "did not personally receive notice of the summons in time to defend and has a meritorious defense" (CPLR 317; *see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d at 141; *Taieb v Hilton Hotels Corp.*, 60 NY2d 725, 728 [1983]; *Cohen v Michelle Tenants Corp.*, 63 AD3d 1097, 1098 [2009]; *Reyes v DCH Mgt., Inc.*, 56 AD3d 644 [2008]; *Tselikman v Marvin Ct., Inc.*, 33 AD3d 908, 909 [2006]). Chamise, which was served by delivery of copies of the summons and complaint to the Secretary of State, demonstrated that it did not receive personal notice of the summons in time to defend (*see Cohen v Michelle Tenants Corp.*, 63 AD3d at 1098; *Girardo v 99-27 Realty, LLC*, 62 AD3d 659, 660 [2009]; *Balchunas v Alitalia-Linee Aeree Italiane-Societa Per Azioni*, 40 AD3d 789, 790 [2007]). Furthermore, there was no basis to conclude that Chamise deliberately attempted to avoid notice of the action. There was no evidence that Chamise was on notice that an old address was on file with the Secretary of State (*see Tselikman v Marvin Ct., Inc.*, 33 AD3d at 909; *Hon-Kuen Lo v Gong Park Realty Corp.*, 16 AD3d 553 [2005]; *Grosso v MTO Assoc. Ltd. Partnership*, 12 AD3d 402 [2004]). In addition, Chamise established the existence of a potentially meritorious defense (*see Tutrani v County of Suffolk*, 10 NY3d 906 [2008]; *Foti v Fleetwood Ride, Inc.*, 57 AD3d 724, 725 [2008]; *Klopchin v Masri*, 45 AD3d 737, 738 [2007]; *Chepel v Meyers*, 306 AD2d 235, 237 [2003]).

That branch of the defendants' motion which was pursuant to CPLR 5015 (a) (4) to vacate the judgment insofar as it was

against the defendant Mamady Kaba should have been granted. There was no affidavit of service or other proof submitted to the Supreme Court on the motion to establish that the plaintiff effected proper service of process upon Kaba (*see Klein v Educational Loan Servicing, LLC*, 71 AD3d 957, 958 [2010]; *Pearson v 1296 Pac. St. Assoc., Inc.*, 67 AD3d 659, 660 [2009]; *Munoz v Reyes*, 40 AD3d 1059 [2007]). In the absence of proper service of process, the resulting default judgment entered against Kaba was a nullity (*see Pearson v 1296 Pac. St. Assoc., Inc.*, 67 AD3d at 660; *Steele v Hempstead Pub Taxi*, 305 AD2d 401, 402 [2003]).

The defendants' remaining contentions are improperly raised for the first time on appeal. Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.