■ JACQUELINE A. MARON et al., Respondents, v CRYSTAL BAY IMPORTS, LTD., Defendant, and HONDA LEASE TRUST, Appellant. [952 NYS2d 602]—

"Pursuant to CPLR 317, '[a] person served with a summons other than by personal delivery to him [or her] or his [or her] agent for service designated under [CPLR] 318, within or without the state, who does not appear may be allowed to defend the action' by seeking to vacate a default judgment within one year of learning of the judgment upon demonstrating a potentially meritorious defense" (*Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d 1080, 1081 [2011], quoting CPLR 317; *see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 142 [1986]; *Taieb v Hilton Hotels Corp.*, 60 NY2d 725, 728 [1983]; *Fleisher v Kaba*, 78 AD3d 1118, 1119 [2010]; *Cohen v Michelle Tenants Corp.*, 63 AD3d 1097, 1098 [2009]). The defendant Honda Lease Trust (hereinafter HLT), which was served by service of process upon the Secretary of State, established that it did not receive personal notice of the summons in time to defend (*see Fleisher v Kaba*, 78 AD3d at 1119; *Cohen v Michelle Tenants Corp.*, 63 AD3d at 1098; *Girardo v 99-27 Realty, LLC*, 62 AD3d 659, 660 [2009]; *Tselikman v Marvin Ct., Inc.*, 33 AD3d 908, 909 [2006]). Furthermore, there is no basis in the record to conclude that HLT deliberately attempted to avoid notice of the action (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d at 143; *Fleisher v Kaba*, 78 AD3d at 1119; *Cohen v Michelle Tenants Corp.*, 63 AD3d at 1098; *Girardo v 99-27 Realty, LLC*, 62 AD3d at 660; *Tselikman v Marvin Ct., Inc.*, 33 AD3d at 909). In addition, HLT established the existence of a potentially meritorious defense (*see generally* 49 USC § 30106 [a]; *Ballatore v HUB Truck Rental Corp.*, 83 AD3d 978, 979 [2011]; *Burrell v Barreiro*, 83 AD3d 984, 985 [2011]; *Zegarowicz v Ripatti*, 77 AD3d 650, 652 [2010]). Accordingly, the Supreme Court should have granted HLT's motion pursuant to CPLR 317 to vacate the judgment, entered upon its failure to appear or answer.

In light of our determination, we need not reach HLT's remaining contentions. Eng, P.J., Rivera, Hall and Sgroi, JJ., concur.