■ JAMES DIAS et al., Appellants, v NORTH TRUE CONSTRUCTION MANAGEMENT, LLC, Defendant, and SOUTH 4TH STREET CONDOS, LLC, Respondent. [965 NYS2d 383]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Sweeney, J.), dated May 25, 2012, which granted the motion of the defendant South 4th Street Condos, LLC, to vacate, as against that defendant, a default judgment of the same court (Spodek, J.) dated January 25, 2010, entered, inter alia, upon that defendant's failure to appear or answer the complaint, and, thereupon, vacated, as against the defendant South 4th Street Condos, LLC, a judgment of the same court dated December 15, 2010.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the motion of the defendant South 4th Street Condos, LLC, to vacate, as against it, the default judgment dated January 25, 2010, is denied, and the judgment dated December 15, 2010, is reinstated as against the defendant South 4th Street Condos, LLC.

The Supreme Court improvidently exercised its discretion in

granting the motion of the defendant South 4th Street Condos, LLC (hereinafter South 4th), to vacate, as against it, a default judgment. " 'The decision as to the setting aside of a default in answering is generally left to the sound discretion of the Supreme Court, the exercise of which will generally not be disturbed if there is support in the record therefor' " (*Rios v Starrett City, Inc.*, 31 AD3d 418, 418 [2006], quoting *Calderon v 163 Ocean Tenants Corp.*, 27 AD3d 410, 410 [2006]). Pursuant to CPLR 317, a defendant is entitled to vacatur of a default judgment if it is established that the defendant did not receive personal notice of the summons in time to defend and has a potentially meritorious defense (*see* CPLR 317; *Rios v Starrett City, Inc.*, 31 AD3d at 418). Here, South 4th established that it did not receive personal notice of the summons in time to defend. There is no evidence that it deliberately attempted to avoid notice of this action (*see Rios v Starrett City, Inc.*, 31 AD3d at 418; *Grosso v MTO Assoc. Ltd. Partnership*, 12 AD3d 402, 403 [2004]; *Samet v Bedford Flushing Holding Corp.*, 299 AD2d 404, 405 [2002]). However, it failed to show a potentially meritorious defense to the plaintiffs' Labor Law § 240 cause of action. The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court improvidently exercised its discretion in granting South 4th's motion. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.