In an action pursuant to RPAPL article 8 for injunctive relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated May 1, 2012, as, after a hearing, granted her cross motion for leave to enter a judgment against the defendant upon its default in appearing or answering only to the extent that a judgment would be entered against the defendant if the defendant failed to serve and file an answer within 30 days.
Ordered that the order is affirmed insofar as appealed from, with costs.
*591 The summons and complaint in this action were served on the defendant pursuant to Limited Liability Company Law § 303 (a) on November 6, 2009 (see CPLR 311-a [a]), and an additional copy of the summons and complaint were delivered to the place of business of a member of the defendant on December 3, 2009. On January 8, 2010, the defendant moved pursuant to CPLR 3211 (a) to dismiss the complaint, inter alia, for lack of personal jurisdiction. The plaintiff cross-moved for leave to enter a default judgment. In opposition, the member asserted in her affidavit that she first learned of the summons and complaint on December 10, 2009, after it had been delivered to her receptionist. After a hearing to determine the validity of service of process, the Supreme Court granted the plaintiffs cross motion only to the extent that a judgment would be entered against the defendant if the defendant failed to serve and file an answer within 30 days.
On appeal, the plaintiff contends that her cross motion for leave to enter a default judgment should have been granted in its entirety. However, contrary to the plaintiffs contention, the defendant did not receive “notice of the summons in time to defend and has a meritorious defense” (CPLR 317; see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138,142 [1986]; Taieb v Hilton Hotels Corp., 60 NY2d 725, 728 [1983]; Fleisher v Kaba, 78 AD3d 1118, 1119 [2010]; Cohen v Michelle Tenants Corp., 63 AD3d 1097, 1098 [2009]; Tselikman v Marvin Ct., Inc., 33 AD3d 908, 909 [2006]; Calderon v 163 Ocean Tenants Corp., 27 AD3d 410, 411 [2006]). Furthermore, there is no basis to conclude that the defendant deliberately attempted to avoid notice of the action (see Tselikman v Marvin Ct., Inc., 33 AD3d at 909; Calderon v 163 Ocean Tenants Corp., 27 AD3d at 411). Accordingly, we affirm the order insofar as appealed from. Skelos, J.P, Sgroi, Cohen and Hinds-Radix, JJ., concur.