Villacis v City of New York (2019 NY Slip Op 02378)





Villacis v City of New York


2019 NY Slip Op 02378


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-13367
 (Index No. 4429/15)

[*1]Jorge Villacis, et al., appellants,
v
City of New York, et al., defendants, Globe Gates, Inc., etc., respondent.


Raymond Schwartzberg & Associates, PLLC, New York, NY (Raymond B. Schwartzberg and Hilary M. Schwartzberg of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated October 6, 2016. The order denied the plaintiffs' motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendant Globe Gates, Inc., and granted that defendant's cross motion for leave to serve a late answer.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiffs commenced this action to recover damages for breach of contract. In June 2015, the plaintiffs served the defendant Globe Gates, Inc. (hereinafter the defendant), with process via the Secretary of State and by mailing to an address in the Bronx. In June 2016, the plaintiffs moved for leave to enter a default judgment against the defendant. The defendant opposed the motion and cross-moved for leave to file a late answer. The defendant contended that it did not receive that service because it had moved in May 2015 from that address in the Bronx to an address in Yonkers. The Supreme Court denied the plaintiffs' motion and granted the defendant's cross motion. The plaintiffs appeal.
CPLR 317 permits a defendant who has been "served with a summons other than by personal delivery" to defend the action upon a finding of the court that the defendant "did not personally receive notice of the summons in time to defend and has a meritorious defense" (CPLR 317; see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141). Here, the defendant, who was served by delivery of copies of the summons and complaint to the Secretary of State, demonstrated that it did not receive personal notice of the summons in time to defend, and that there was no evidence that the defendant deliberately attempted to avoid notice of the action (see Fleisher v Kaba, 78 AD3d 1118, 1119). Furthermore, the defendant established the existence of a potentially meritorious defense (see id. at 1119).
Accordingly, we agree with the Supreme Court's determination denying the plaintiffs' motion for leave to enter a default judgment and granting the defendant's cross motion for leave to serve a late answer.
MASTRO, J.P., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court