Deb v Hayut (2019 NY Slip Op 02676)





Deb v Hayut


2019 NY Slip Op 02676


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2018-02333
 (Index No. 700210/16)

[*1]Shubhashis Deb, plaintiff, 
v
Meir Marc Hayut, appellant, et al., defendant.


Breen & Clancy, Hauppauge, NY (Michael T. Clancy and Anne Marie Caradonna of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Meir Marc Hayut appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered December 4, 2017. The order, insofar as appealed from, denied that branch of the defendants' unopposed renewed motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Meir Marc Hayut on the ground of lack of personal jurisdiction.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' renewed motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Meir Marc Hayut on the ground of lack of personal jurisdiction is granted.
This action to recover damages for personal injuries allegedly sustained in an automobile accident was commenced on January 7, 2016. The defendants moved pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction based upon the alleged failure of the plaintiff to have served them within 120 days after the filing of the summons and complaint (see CPLR 306-b). The plaintiff failed to file with the court affidavits of service of the summons and complaint. The Supreme Court denied the motion, with leave to renew upon the submission of affidavits from the defendants addressing when they were served with the summons and complaint.
Upon the defendants' renewed motion, the defendant Malka Hayut averred that she had been served on May 12, 2016, more than 120 days after the filing of the summons and complaint, and the defendant Meir Marc Hayut (hereinafter the appellant) averred only that he "may have been served" on May 12, 2016. No opposition was filed to the renewed motion. In an order entered December 4, 2017, the Supreme Court, inter alia, denied that branch of the defendants' renewed motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the appellant, on the ground that the appellant was equivocal as to whether he was timely served.
The burden of proving that personal jurisdiction was acquired over a defendant rests with the plaintiff (see Wells Fargo Bank, N.A. v Decesare, 154 AD3d 717). Although the failure to file an affidavit of service with the court pursuant to CPLR 308(4) is generally a procedural irregularity which may be cured (see Khan v Jernandez, 122 AD3d 802), in this case, the plaintiff [*2]did not cure the defect. In the absence of evidence that the appellant was properly served, that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the appellant for lack of personal jurisdiction should have been granted (see Pearson v 1296 Pac. St. Assoc., Inc., 67 AD3d 659).
Accordingly, we disagree with the Supreme Court's determination denying that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the appellant for lack of personal jurisdiction.
SCHEINKMAN, P.J., RIVERA, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court