Rivera v Triangle Excavators of N.Y., LLC (2019 NY Slip Op 04977)





Rivera v Triangle Excavators of N.Y., LLC


2019 NY Slip Op 04977


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-02643
 (Index No. 508663/15)

[*1]Ivette Rivera, appellant, 
v
Triangle Excavators of New York, LLC, respondent, et al., defendant.


Thomas Torto, New York, NY (Jason Levine of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn, NY (Maya Petrocelli of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to Debtor and Creditor Law article 10 to set aside certain transfers as fraudulent, the plaintiff appeals from an order of the Supreme Court, Kings County (Andrew Borrok, J.), dated January 18, 2018. The order granted the motion of the defendant Triangle Excavators of New York, LLC, pursuant to CPLR 317 and 5015(a)(1) and (3) to vacate a judgment of the same court (Kathy J. King, J.) dated June 23, 2017, entered upon its failure to appear or answer, and to compel the plaintiff to accept its late answer.
ORDERED that the order dated January 18, 2018, is affirmed, with costs.
"CPLR 317 provides, generally, that a defendant is entitled to vacatur of a default judgment if it is established that he did not receive personal notice of the summons in time to defend and that he has a meritorious defense" (Stein v Matarasso & Co., 143 AD2d 825, 826; see Rios v Starrett City, Inc., 31 AD3d 418, 418). "It is also well established that service on a corporation through delivery of process to the Secretary of State is not personal delivery' to the corporation or to an agent designated under CPLR 318" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 142; see Solomon Abrahams, P.C. v Peddlers Pond Holding Corp., 125 AD2d 355, 356).
Here, the defendant Triangle Excavators of New York, LLC (hereinafter the defendant), by submitting evidence that the Secretary of State mailed the summons and complaint to an entity other than the defendant, established that it did not receive personal notice in time to defend, and that there was no evidence that it deliberately attempted to avoid notice (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 143; Rios v Starrett City, Inc., 31 AD3d at 418; contra Conte Cadillac v C.A.R.S. Purch. Serv., 126 AD2d 621, 622). "[T]here is no necessity for a defendant moving pursuant to CPLR 317 to show a reasonable excuse for its delay" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 141 [internal quotation marks omitted]; see Wassertheil v Elburg, LLC, 94 AD3d 753, 754; Solomon Abrahams, P.C. v Peddlers Pond Holding Corp., 125 AD2d at 356).
The defendant also submitted evidence that "sufficiently raises an issue as to the existence of a meritorious defense within the purview of CPLR 317 so as to support a motion to vacate a default judgment obtained as a result of service upon the Secretary of State" (Solomon [*2]Abrahams, P.C. v Peddlers Pond Holding Corp,, 125 AD2d at 357).
Accordingly, we agree with the Supreme Court's determination granting that branch of the defendant's motion which was pursuant to CPLR 317 to vacate the judgment dated June 23, 2017, and to compel the plaintiff to accept its late answer.
In light of our determination, we need not reach the parties' remaining contentions.
AUSTIN, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court