**44th Midtown Holdings LLC v Zaika Food Co. LLC**

2024 NY Slip Op 30585(U)

February 23, 2024

Supreme Court, New York County

Docket Number: Index No. 656439/2021

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LOUIS L. NOCK**                      PART                      38M

                                *Justice*

--------------------------------------------------------------------------------X

44th MIDTOWN HOLDINGS LLC,

                              Plaintiff,

                      - v -

ZAIKA FOOD COMPANY LLC and MANMOHAN
AHLUWALIA,

                              Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 656439/2021 |
| MOTION DATE | 05/11/2022 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, and 43

were read on this motion for                      SUMMARY JUDGMENT                      .

LOUIS L. NOCK, J.

Background

Plaintiff commenced this action seeking damages against the defendant Zaika Food

Company LLC ("Zaika") and defendant Manmohan Ahluwalia ("Manmohan") for unpaid rent

and additional rent in connection with leased premises. Zaika was the commercial tenant of the

Ground Floor Store a/k/a Eastern Store and Lower Level located at 230 East 44th Street, New

York, New York (the "Leased Premises"), pursuant to a written commercial Lease agreement

date September 19, 2017, for a term of ten years (the "Lease"). Manmohan is the guarantor of

Lease.

On or about November 17, 2019, Zaika provided plaintiff with a "Notice of

Surrender/Termination," indicating its intent to surrender the Leased Premises by May 31, 2020,

and seeking to obtain a termination of the Lease and a release of Manmohan from his

responsibilities under the guaranty (the "Surrender Notice"). However, plaintiff asserts that in

**656439/2021   44TH MIDTOWN HOLDINGS LLC vs. ZAIKA FOOD COMPANY LLC ET AL**                      **Page 1 of 5**
  **Motion No.  001**

1 of 5

[* 1]

accordance with the Lease and guaranty, the defendants agreed that in order to properly effectuate a termination of the Lease and guaranty, the defendants were required to be current with their monetary obligations at the time of the Surrender Notice and through the date of the vacatur. Plaintiff claims that defendants failed to comply with their respective obligations under the Lease and guaranty, and as such, the Surrender Notice was null and void, and defendants remain liable for the unpaid rent and additional rent. The complaint's prayer for relief states that it seeks money judgments against Zaika for $215,032.31 (for outstanding arrears through May 2020), for $93,607.42 (for outstanding arrears through November 2021), and $2,344,829.52 (for future rents).

Plaintiff now seeks a default judgment against Zaika, although Zaika filed a late answer with counterclaims along with its counsel's affirmation of excusable default and statement of possible merit (NYSCEF Doc. Nos. 30, 31). Plaintiff moves for summary judgment against Manmohan on his guaranty.

Motion for a Default Judgment against Zaika

Zaika's counsel attests that the answer with counterclaims were filed late on account of anticipated adjournments, possible settlement, and personal issues (*see*, NYSCEF Doc. No. 30 ¶¶ 6-39). The court deems those circumstances to constitute excusable default, especially in light of its filing of its answer and counterclaims, demonstrating a willingness to defend the action (*see, Hunter v Enquirer/Star Inc.*, 210 AD2d 32 [1st Dept 1994]).

As for meritorious defense: Zaika asserts the following. Zaika points to a 2019 settlement agreement whereby all rent arrears claims would be settled upon payment of $90,000 (*see*, NYSCEF Doc. No. 33). Zaika further asserts that it was promised a rent credit of $30,000, pointing to a confirmation from plaintiff's agent (*see, id.*, ¶¶ 45-49). Zaika further challenges the

**656439/2021   44TH MIDTOWN HOLDINGS LLC vs. ZAIKA FOOD COMPANY LLC ET AL**           **Page 2 of 5**
     **Motion No.  001**

2 of 5

[* 2]

portion of plaintiff's claim that it owes a portion of plaintiff's brokerage expense (*see, id.*, ¶¶ 50-52). Zaika further challenges plaintiff's assertion that it was under an obligation to leave its equipment in the leased premises for the benefit of plaintiff post-vacatur (*see, id.*, ¶¶ 53-56).[1]

Zaika's burden in seeking to prevent a default judgment against it – especially in light of its demonstrated desire to defend the action through its filing of its (belated) answer with counterclaims – is not to conclusively succeed on its stated defenses; but rather, at this pleading stage, to simply "raise[] an issue as to the existence of a meritorious defense" (*Solomon Abrahams, P.C. v Peddlers' Pond Holding Corp.*, 125 AD2d 355, 357 [2d Dept 1986]). The court finds Zaika's submissions to reach that threshold and, therefore, the court denies the plaintiff's motion for a default judgment against Zaika, and deems its belated answer and counterclaims (NYSCEF Doc. No. 31) as its answer and counterclaims in this action, to which plaintiff may reply on or before 20 days from the date of filing hereof.

Motion for Summary Judgment against Manmohan[2]

A plaintiff meets its *prima facie* burden for summary judgment to enforce an absolute and unconditional guaranty where the plaintiff proves the existence of a guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty (*City of N.Y. v Clarose Cinema Corp.*, 256 AD2d 69 [1st Dept 1998]). On a motion for summary judgment to enforce a written guaranty, plaintiff must prove: (i) the existence of an unconditional guaranty; (ii) the underlying debt; and (iii) failure by the guarantor to perform under the guaranty (*see, id.*).

---

[1] Zaika also argues that the Governor's COVID-19-related shutdowns in 2020 constitute a defense (*see*, NYSCEF Doc. No. 30 ¶¶ 57-60). However, the Appellate Division has already counseled that such circumstances do not constitute a defense to the nonpayment of rent (*see, e.g., 558 Seventh Ave. Corp. v Times Square Photo Inc.*, 194 AD3d 561 [1st Dept], *appeal dismissed* 37 NY3d 1040 [2021]).

[2] Zaika's counsel informs that he technically represents only Zaika, not Manmohan (*see*, NYSCEF Doc. No. 30 ¶ 3). Manmohan has timely appeared in this action by way of filing of a *pro se* answer (*see*, NYSCEF Doc. No. 15).

**656439/2021  44TH MIDTOWN HOLDINGS LLC vs. ZAIKA FOOD COMPANY LLC ET AL**          **Page 3 of 5**
  **Motion No.  001**

[* 3]

3 of 5

While it is true that the terms of Manmohan's guaranty are unambiguous (*see*, NYSCEF Doc. No. 19), and there is no dispute that he executed the guaranty, the issues of fact raised by Zaika's submissions in opposition to plaintiff's motion for a default judgment (denied above) render it impossible at this time to conclusively establish Manhoman's liability, as a guarantor of Zaika, or the extent of any such liability. Colloquially stated, the guaranty presents as a "Good Guy" guaranty, whereby the guarantor's obligation ceases upon surrender of the leasehold (*see*, NYSCEF Doc. No. 19 § 2). Plaintiff asserts that said provision provides no relief to Manhoman because, in plaintiff's view, Zaika has not fulfilled its payment obligations as of the date of the vacatur. However, as observed above, the issue of Zaika's obligations, if any, and the extent thereof, are matters that emain in issue in this action, thereby precluding summary judgment against Manhoman. As the Appellate Division, First Department, declared:

> In granting partial summary judgment, Special Term abused its discretion. It resolved issues of fact presented by the papers, rather than merely determining that there were genuine issues of fact requiring a trial. The role of the court on a motion for summary judgment is issue finding not issue resolution.

(*Dependable Lists, Inc. v Malek*, 98 AD2d 679, 680 [1st Dept 1983], *appeal dismissed* 62 NY2d 645 [1984].)

Accordingly, it is

ORDERED that plaintiff's motion for a default judgment against defendant Zaika Food Company LLC is denied; and, accordingly, it is

ORDERED that the answer and counterclaims filed herein as NYSCEF Doc. No. 31 shall be deemed said defendant's answer and counterclaims in this action, to which plaintiff may reply (as to the counterclaims) on or before 20 days from the date of filing hereof; and it is further

ORDERED that plaintiff's motion for summary judgment against defendant Manmohan Ahluwalia is denied; and it is further

**656439/2021   44TH MIDTOWN HOLDINGS LLC vs. ZAIKA FOOD COMPANY LLC ET AL**          **Page 4 of 5**
**Motion No.  001**

[* 4]

ORDERED that a preliminary conference will be convened on March 20, 2024, at 10:00

a.m., at the Courthouse, 111 Centre Street, Room 1166, New York, New York.

This will constitute the decision and order of the court.

ENTER:

_Louis L. Nock_

| 2/23/2024 | | | | | LOUIS L. NOCK, J.S.C. | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | | |
| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**656439/2021   44TH MIDTOWN HOLDINGS LLC vs. ZAIKA FOOD COMPANY LLC ET AL**                **Page 5 of 5**
  **Motion No.  001**

5 of 5