(November 30, 1971)

■ NATIONAL ASSOCIATION OF INSTALLMENT COMPANIES, INC., et al., Appellants, v. BESS M. GRANT, as Commissioner of Consumer Affairs of the City of New York, et al., Respondents.—Judgment, Supreme Court, New York County, entered March 3, 1971, unanimously modified, on the law, to the extent of striking therefrom the decretal paragraph dismissing the complaint and substituting therefor a declaration that Consumer Protection Law of 1969 and regulation 4 thereof are constitutional and valid, and, as so modified, the judgment is affirmed. Respondents shall recover of appellants $50 costs and disbursements of this appeal. Special Term correctly determined that the attack by plaintiffs upon the constitutionality and validity of the Consumer Protection Law of 1969 (Local Laws, 1969, No. 83 of the City of New York) and regulation 4 thereof had no merit, and properly sustained the validity of the law and the regulation. However, Special Term erroneously dismissed the complaint because plaintiffs were not entitled to the declaration sought by them and should have made a declaration in favor of defendants (*St. Lawrence Univ.* v. *Trustees of Theol. School,* 20 N Y 2d 317, 325; *Lanza* v. *Wagner,* 11 N Y 2d 317, 334, app. dsmd. 371 U. S. 74; *New York Sporting Arms Assn.* v. *City of New York,* 31 A D 2d 793, and cases cited therein). Concur — Stevens, P. J., Capozzoli, Nunez, Kupferman and Murphy, JJ.

■ In the Matter of LILLIAN GRADY, an Alleged Narcotic Addict, Appellant. — Appeal from judgment of Supreme Court, New York County, entered January 16, 1970, certifying appellant to the care and custody of the Narcotic Addiction Control Commission pursuant to the provisions of section 206 of the Mental Hygiene Law unanimously dismissed, without costs and without disbursements. Since appellant absconded from aftercare on May 10, 1971 and her present whereabouts are unknown, the appellant may not have her appeal heard (*People* v. *Del Rio,* 14 N Y 2d 165; *People* v. *Sullivan,* 28 N Y 2d 900; *People* v. *Genet,* 59 N. Y. 80; *People* v. *Deutsch,* 23 A D 2d 732; *People* v. *Avila,* 36 A D 2d 516; *James* v. *Powell,* 27 A D 2d 814, app. dsmd. 19 N Y 2d 984). We have, in any event, examined the merits and would affirm the judgment if the appeal were not to be dismissed. Concur — Stevens, P. J., Capozzoli, Nunez, Kupferman and Murphy, JJ.

■ HELMSLEY-SPEAR, INC., et al., Respondents, v. LEASCO REALTY, INC., et al., Appellants.— Order, Supreme Court, New York County, entered on June 18, 1971, denying defendants' motion to dismiss the complaint herein for failure to state a cause of action, unanimously reversed, on the law, the motion granted and the complaint dismissed. Defendants-appellants shall recover of plaintiffs-respondents $50 costs and disbursements of this appeal. Plaintiffs claim that all they had to do in order to earn the brokerage commission sought herein was to produce a person who would agree to become a joint venturer with defendants. They produced such a person, but the joint venture was never consummated. The writings in the record conclusively demonstrate that plaintiffs were not entitled to any commission unless and until the joint venture was closed. This was expressed by plaintiff Culmore, in writing, on at least three occasions (see letters dated March 6, 1970, April 3, 1970 and May 1, 1970). Concur — Stevens, P. J., Capozzoli, McGivern, Nunez and Steuer, JJ.