■ MARIE ZERE ASSOCIATES, INC., Appellant, v VANGUARD VENTURES, INC., Respondent.—In an action to recover a brokerage commission, the plaintiff appeals from an order of the Supreme Court, Nassau County (Morrison, J.), entered December 16, 1986, which denied its motion for summary judgment, and, upon searching the record, granted summary judgment to the defendant dismissing the complaint.

Ordered that the order is affirmed, with costs.

On December 28, 1984, as a result of the plaintiff's efforts as a broker, the defendant Vanguard Ventures, Inc. (hereinafter Vanguard), leased premises located at 485 Underhill Boulevard, Syosset, New York, to a corporation then known as ACPI, Ltd. (hereinafter ACPI) and now known as Advanced Institutional Management Software, Inc. (hereinafter AIMS). For its services with regard to the procurement of this lease, Vanguard paid the plaintiff a commission of $28,350.

On the same date, Vanguard entered into an agreement granting ACPI an option to purchase Vanguard's interest in the premises on the first day of the tenth month from the commencement of the lease, provided that ACPI gave Vanguard 90 days' written notice and obtained approval from the Nassau County Industrial Development Agency (hereinafter IDA), which had issued a bond to finance the development of the premises, and from Cititrust, the trustee designated by the IDA. The option agreement further provided that upon the "exercise of the option set forth in the Agreement", Vanguard would pay the plaintiff an additional commission of $151,650.

On March 28, 1986, Vanguard and AIMS entered into a further "Agreement" reaffirming the terms of the original option agreement, and indicating that AIMS had given Vanguard notice of its intention to exercise the option to purchase and further agreeing as to the terms of the option, as follows:

"2. The terms of the Option Agreement are incorporated

herein, except that AIMS' obligation to pay the Purchase Price shall be conditioned upon the following:

"a. receipt from the Agency and Cititrust of any and all consents and approvals required pursuant to the terms of the Sale Agreement, the Indenture and the Lease * * *

"d. receipt by AIMS of a deed, upon payments of the Purchase Price, in accordance with the Option Agreement".

The plaintiff commenced this action to recover its brokerage commission and moved for summary judgment, alleging that the "Agreement" of March 28, 1986 evidenced the "exercise" of the option by AIMS, that the plaintiff had therefore procured a ready, willing and able purchaser, and that Vanguard owed the plaintiff its agreed-upon commission of $151,650. Vanguard countered that under the terms of the original agreement, the option was only "exercised" on the "Purchase Date" after the notice was given, the required consents obtained, the purchase price paid and the deed delivered. Vanguard further contended that the option was not yet "exercised" because a condition precedent to the exercise of AIMS' option remained unsatisfied—namely, the obtaining of the approval of the IDA and the trustee.

The Supreme Court, Nassau County, denied the plaintiff's motion for summary judgment and, upon searching the record, dismissed its complaint as premature, finding that, under the terms of the original option agreement, the mere service of a notice of intention to exercise the option did not constitute the "exercise" of the option. We agree.

In the absence of agreement to the contrary, a broker earns its commission when it procures a purchaser ready, willing and able to buy (Agency, Broad & Cornelia St. v Lavigne, 97 AD2d 934, lv dismissed 61 NY2d 605). However, it is axiomatic that the parties may vary the effect of that legal principle by express agreement (Mulvihill v Di Prima, 47 AD2d 560). By the plain language of the option agreements entered into by Vanguard and AIMS on December 28, 1984 and March 28, 1986, the option could only be "exercised" on the "Purchase Date" when the purchase price was paid and the deed tendered (see, Gallinger Real Estate v Mufale Dev. Corp., 53 AD2d 1014). Neither party disputes that this has not yet occurred.

Moreover, a further precondition to the exercise of the option by AIMS enunciated explicitly in paragraph No. 10 of the original option agreement and in the further agreement of March 28, 1986, was the obtaining of prior approval by IDA

and the trustee bank. The plaintiff does not dispute Vanguard's allegation that to date the bank has withheld its consent. Where a commission is conditioned upon the happening of certain events which have not yet occurred, a demand for payment of the commission is premature (see, Goss v Whitmore, 46 AD2d 949; Helmsley-Spear, Inc. v Leasco Realty, 37 AD2d 955, affd 31 NY2d 1017). Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.