■ BETH ANNA FERGUSON, Appellant, v SHU HAM LAM et al., Defendants, and 104-50 48TH AVENUE CORP., Respondent. [872 NYS2d 529]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated December 22, 2006, which granted the motion of the defendant 104-50 48th Avenue Corp. to vacate a judgment entered March 31, 2005 upon its default in answering the complaint, which was in favor of the plaintiff and against it in the principal sum of $601,700.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted the motion of the defendant 104-50 48th Avenue Corp. (hereinafter 48 Corp) to vacate the judgment entered upon its default in answering the complaint. While the failure of 48 Corp to keep a current address on file with the Secretary of State did not constitute a reasonable excuse to vacate its default under CPLR 5015 (a), it was still entitled to vacatur under CPLR 317, which does not require a defendant to demonstrate a reasonable excuse for its default. CPLR 317 permits a defendant who has been "served with a summons other than by personal delivery" to seek relief from a default upon a showing that it did not receive actual notice of the summons in time to defend and has a meritorious defense (see *Fatima v Twenty Seven-Twenty Four Realty Corp.*, 53 AD3d 564 [2008]; *Thakurdyal v 341 Scholes St., LLC*, 50 AD3d 889, 889-890 [2008]; *Franklin v 172 Aububon Corp.*, 32 AD3d 454 [2006]). Here, the affidavit of the president of 48 Corp and the weather report submitted by it set forth sufficient facts to warrant relief from its default under CPLR 317. Rivera, J.P., Spolzino, Florio and Leventhal, JJ., concur.