SCHACKER REAL ESTATE CORP., Respondent, v 553 BURNSIDE AVENUE, LLC, Appellant. [20 NYS3d 91]—

In an action to recover a brokerage commission, the defendant appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated October 23, 2014, which denied its motion to vacate a judgment of the same court dated April 4, 2014, entered against it upon its failure to appear or answer the complaint.

Ordered that the order is reversed, on the facts and in the exercise of discretion, and the defendant's motion to vacate the judgment entered against it is granted.

In support of its motion to vacate a judgment entered against it upon its failure to appear or serve an answer to the

complaint, the defendant claimed to have a reasonable excuse for its default and a potentially meritorious defense (*see* CPLR 5015 [a] [1]). However, under the circumstances of this case, the defendant's failure to keep a current address on file with the New York State Secretary of State was not excusable (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 143 [1986]; *Gershman v Midtown Moving & Stor., Inc.*, 123 AD3d 974, 975 [2014]; *Sussman v Jo-Sta Realty Corp.*, 99 AD3d 787, 788 [2012]; *Bontempts v Aude Constr. Corp.*, 98 AD3d 1071, 1072 [2012]).

Nonetheless, although the defendant did not cite CPLR 317 in support of its motion, this Court may, under the circumstances presented here, consider CPLR 317 as a basis for vacating the default (*see* CPLR 2001; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d at 142-143; *Brickhouse Masonry, LLC v Windward Bldrs., Inc.*, 101 AD3d 919, 920 [2012]; *Levine v Forgotson's Cent. Auto & Elec., Inc.*, 41 AD3d 552, 553 [2007]). CPLR 317 permits a defendant who has been "served with a summons other than by personal delivery" to defend the action upon a finding by the court that the defendant "did not personally receive notice of the summons in time to defend and has a meritorious defense" (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d at 141; *Taieb v Hilton Hotels Corp.*, 60 NY2d 725, 728 [1983]; *Gershman v Midtown Moving & Stor., Inc.*, 123 AD3d at 975; *Fleisher v Kaba*, 78 AD3d 1118, 1119 [2010]). Here, there was no evidence that the defendant or its agent received actual notice of the summons, which was delivered to the Secretary of State, in time to defend this action (*see Gershman v Midtown Moving & Stor., Inc.*, 123 AD3d at 975; *Fleisher v Kaba*, 78 AD3d at 1119). Proof that additional copies of the summons and complaint were delivered to an employee of the tenant occupying premises owned by the defendant was insufficient to establish that the defendant received notice of the summons and complaint (*see generally Ainbinder v R.C.R. Contr.*, 204 AD2d 582, 583 [1994]). Furthermore, there is no basis in the record to conclude that the defendant deliberately attempted to avoid service, especially since the plaintiff had knowledge of the defendant's actual business address (*see Gershman v Midtown Moving & Stor., Inc.*, 123 AD3d at 975; *Girardo v 99-27 Realty, LLC*, 62 AD3d 659 [2009]; *Grosso v MTO Assoc. Ltd. Partnership*, 12 AD3d 402, 403 [2004]; *cf. Cruz v Keter Residence, LLC*, 115 AD3d 700, 701 [2014]). Moreover, the defendant met its burden of demonstrating the existence of a potentially meritorious defense (*see Marie Zere Assoc. v Vanguard Ventures*, 139 AD2d 569, 570 [1988]; *Mulvihill v DiPrima*, 47 AD2d 560 [1975]).

Accordingly, the Supreme Court should have granted the defendant's motion to vacate the judgment entered against it upon its default. Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.