■ BRIAN DALTON et al., Appellants, v NOAH CONSTRUCTION & BUILDERS, INC., Respondent. [24 NYS3d 739]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered December 15, 2014, as granted that branch of the defendant's motion which was pursuant to CPLR 317 and 5015 (a) (1) to vacate a judgment of the same court dated April 22, 2014, entered against the defendant upon its failure to appear or answer the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 317 permits a defaulting defendant who was served with a summons other than by personal delivery to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141-142 [1986]; *Schacker Real Estate Corp. v 553 Burnside Ave., LLC*, 133 AD3d 586, 587 [2015]; *Gershman v Midtown Moving & Stor., Inc.*, 123 AD3d 974 [2014]). A defendant seeking to vacate a default pursuant to CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d at 141-142; *Gershman v Midtown Moving & Stor., Inc.*, 123 AD3d at 975).

Here, there was no evidence that the defendant or its agent received actual notice of the summons, which was delivered to the Secretary of State, in time to defend this action (*see Schacker Real Estate Corp. v 553 Burnside Ave., LLC*, 133 AD3d at 587; *Gershman v Midtown Moving & Stor., Inc.*, 123 AD3d at 975). The defendant demonstrated through its submission of the affidavit of its president, Peter Cacopedro, and additional documentation, that in 2011, it filed the necessary paperwork to keep its current address on file with the Secretary of State, but the Secretary of State did not reflect the change of address in their records. Furthermore, there is no basis in the record to conclude that the defendant deliberately attempted to avoid service, especially since the plaintiffs had knowledge of the defendant's actual business address (*see Schacker Real Estate Corp. v 553 Burnside Ave., LLC*, 133 AD3d at 587; *Gershman v Midtown Moving & Stor., Inc.*, 123 AD3d at 975). Based on the specific facts and circumstances of this case, the defendant's failure to receive actual notice of the summons in time to defend the action constituted a reasonable excuse for his default. In addition, the defendant met its burden of demonstrating the existence of a potentially meritorious defense (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d at 141-142).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 317 and 5015 (a) (1) to vacate the judgment dated April 22, 2014. Mastro, J.P., Leventhal, Cohen and LaSalle, JJ., concur.