■ RHONDA JOHN, Appellant, v RIKUD REALTY, INC., Respondent. [51 NYS3d 165]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated September 9, 2015, which granted the defendant's motion to vacate an order of the same court dated August 15, 2011, granting the plaintiff's motion for leave to enter a default judgment upon the defendant's failure to appear or answer, and a judgment of the same court entered June 3, 2013, after an inquest, in the total sum of $4,578,190.

Ordered that the order dated September 9, 2015, is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to vacate the order dated August 15, 2011, and substituting therefor a provision denying that branch of the motion; as so modified, the order dated September 9, 2015, is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment.

On February 25, 2010, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained from the ingestion of lead. The complaint alleged that the defendant corporation had actual or constructive notice of a lead paint condition in the subject apartment on November 1, 1989, and the plaintiff lived in the apartment from her birth in August 1990 until October 31, 1996.

The defendant was served with process on March 9, 2010, by service upon the Secretary of State, which forwarded process to the defendant's address on file. However, the defendant had moved its business address in or about 2001 without notifying the Secretary of State. The defendant did not correct the record of its address until July 2012.

By order dated August 15, 2011, the plaintiff's motion for leave to enter a default judgment against the defendant upon its failure to appear or answer was granted without opposition, and on June 3, 2013, after an inquest, judgment was entered against the defendant for the total sum of $4,578,190, which included future damages and pre-verdict interest from August 31, 1990.

By service of an order to show cause dated September 19, 2013, the defendant moved pursuant to CPLR 317 to vacate its default. In support of the motion, the defendant's principal, Rubin Dukler, submitted an affidavit stating that it appeared that the plaintiff's family moved into the apartment on November 1, 1989, months before the plaintiff was born, and "it is very unlikely that myself or others working for the company would be aware that a young child was living in the apartment if the child was born many months after that date." The defendant submitted a proposed answer, verified by its attorney, which was based, in part, upon information and belief. The defendant further contended that the damages award was excessive.

The plaintiff, in opposition, claimed, inter alia, that the defendant did not state a meritorious defense. The plaintiff noted that after it was determined that her blood lead level was 20 micrograms per deciliter or higher, the apartment in question was inspected in June 1993 by the New York City Department of Health, and lead violations were found. In October 1993, the apartment was reinspected, and it was determined that the violations had not been corrected. The violations were not certified as corrected until May 1994.

In the order appealed from, the Supreme Court granted the defendant's motion to vacate.

CPLR 317 provides, in pertinent part: "A person served with

a summons other than by personal delivery to him or to his agent for service designated under rule 318, within or without the state, who does not appear may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment, but in no event more than five years after such entry, upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense."

Even assuming that the defendant did not personally receive notice of the summons in time to defend, the defendant failed to establish the existence of a potentially meritorious defense. The defendant's claim that it was not liable under New York City lead abatement regulations because it lacked actual or constructive notice that a child six years of age or under was residing in one of its residential units (see *Juarez v Wavecrest Mgt. Team*, 88 NY2d 628 [1996]), was not supported by any sworn statements of fact. The statement of the defendant's principal that "it is very unlikely that myself or others working for the company would be aware that a young child was living in the apartment" was insufficient. Its proposed answer, verified by its attorney, which was based, in part, upon information and belief, also was insufficient (see *Nitze v Gallagher*, 138 AD2d 466 [1988]). Further, there was evidence in the record the defendant was cited for lead paint violations around the time of the injury and failed to correct those violations expeditiously.

However, in support of its motion, the defendant argued that if the Supreme Court did not vacate its default, the judgment should otherwise be vacated because it was not in compliance with the CPLR. In her papers submitted in opposition to the motion, the plaintiff conceded that the judgment erroneously awarded prejudgment interest from August 31, 1990, the date of the plaintiff's birth, instead of from January 14, 2013, the date of the inquest. Similarly, in her papers opposing the motion the plaintiff, in effect, conceded that the judgment was not in the form required by CPLR 5041. Accordingly, the matter must be remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment.

The plaintiff's remaining contentions need not be addressed in light of our determination. Dillon, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.