Benchmark Farm, Inc. v Red Horse Farm, LLC (2018 NY Slip Op 04522)





Benchmark Farm, Inc. v Red Horse Farm, LLC


2018 NY Slip Op 04522


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-00535
 (Index No. 30109/10)

[*1]Benchmark Farm, Inc., respondent, 
v
Red Horse Farm, LLC, appellant.


Michael Fuller Sirignano, Cross River, NY (Jason Krellenstein of counsel), for appellant.
Keane & Beane, P.C., White Plains, NY (Andrew P. Tureaud of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for constructive eviction, the defendant appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated November 25, 2016. The order denied the defendant's motion to vacate a judgment dated January 10, 2014, entered upon its failure to answer or appear.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the defendant's motion to vacate the judgment dated January 10, 2014, is granted.
The plaintiff, Benchmark Farm, Inc., a horse farm, commenced this action on December 9, 2010, to recover damages from its former landlord, the defendant Red Horse Farm, LLC, asserting, inter alia, constructive eviction, interference with quiet enjoyment, and unjustified failure to return a security deposit. The plaintiff served the defendant pursuant to Limited Liability Company Law § 303, by personal delivery of copies of the summons and verified complaint to the office of the Secretary of State.
The defendant failed to answer or otherwise appear, and a judgment dated January 10, 2014 (hereinafter the judgment), was entered upon the defendant's default. Thereafter, the defendant moved on or about September 28, 2016, by order to show cause, to vacate the judgment pursuant to, inter alia, CPLR 317. In an order dated November 25, 2016, the Supreme Court denied the defendant's motion in its entirety.
A defendant who has been served with a summons other than by personal delivery may be allowed to defend the action within one year after he or she obtains knowledge of entry of the judgment upon a finding of the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense (see CPLR 317; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141-142; Dalton v Noah Constr. & Bldrs., Inc., 136 AD3d 730, 731).
Here, the defendant submitted the sworn affidavit of its principal, who stated that the defendant did not learn of the action or the judgment until August 2016, and that approximately one month thereafter it moved to vacate the judgment. The affidavit indicated that in 2003 the [*2]defendant's principal had moved his residence from the address on file with the Secretary of State and that neither the defendant nor its principal had received mail at that address since 2004. The affidavit also provided that the defendant's address had not been updated with the Secretary of State. There is no evidence in the record that the defendant or its agent received actual notice of the summons, which was delivered to the Secretary of State, in time to defend this action (see Dalton v Noah Constr. & Bldrs., Inc., 136 AD3d at 731; Schacker Real Estate Corp. v 553 Burnside Ave., LLC, 133 AD3d 586, 587; Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975). Although the defendant did not explain why it failed to update its address with the Secretary of State, "there is no necessity for a defendant moving pursuant to CPLR 317 to show a reasonable excuse' for its delay" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 141; see Gershman v Midtown Moving & Stor., Inc., 123 AD3d at 975), and there is no basis in the record to conclude that the defendant deliberately attempted to avoid service, especially since the plaintiff had knowledge of the defendant's actual business address and had written to the defendant at that address regarding the dispute that gave rise to the plaintiff's complaint (see Dalton v Noah Constr. & Bldrs., Inc., 136 AD3d at 731; Schacker Real Estate Corp. v 553 Burnside Ave., LLC, 133 AD3d at 587; Gershman v Midtown Moving & Stor., Inc., 123 AD3d at 975).
In addition, through the affidavit of the defendant's principal averring that the plaintiff failed to comply with the terms of the parties' oral lease, the defendant met its burden of demonstrating the existence of a potentially meritorious defense (see Booso v Tausik Bros., LLC, 148 AD3d 1108, 1108).
Under these circumstances, the Supreme Court should have granted the defendant's motion to vacate the judgment (see Schacker Real Estate Corp. v 553 Burnside Ave., LLC, 133 AD3d at 588; Maron v Crystal Bay Imports, Ltd., 99 AD3d 867, 868; Fleisher v Kaba, 78 AD3d 1118, 1119).
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court