Jian Hua Tan v AB Capstone Dev., LLC (2018 NY Slip Op 05455)





Jian Hua Tan v AB Capstone Dev., LLC


2018 NY Slip Op 05455


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-05745
 (Index No. 6800/15)

[*1]Jian Hua Tan, respondent, 
v
AB Capstone Development, LLC, et al., appellants, et al., defendant.


Wade Clark Mulcahy, New York, NY (Brian Gibbons and Christopher Gioia of counsel), for appellants.
Steven Louros, New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants AB Capstone Development, LLC, RN36, LLC, RM36 Development, LLC, ERA Greenpoint Management, LLC, DB36, LLC, GC North Park, LLC, and ASH36, LLC, appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered April 14, 2016. The order, insofar as appealed from, denied that branch of those defendants' motion which was to vacate an order of the same court dated January 29, 2016, granting the plaintiff's unopposed motion for leave to enter a default judgment against them.
ORDERED that the order entered April 14, 2016, is affirmed insofar as appealed from, with costs.
On January 18, 2015, the plaintiff allegedly slipped and fell on the sidewalk adjacent to 47-24 Greenpoint Avenue in Queens. Thereafter, the plaintiff commenced this action against, among others, the owners of the property, AB Capstone Development, LLC (hereinafter AB Capstone), RN36, LLC, RM36 Development, LLC, ERA Greenpoint Management, LLC, DB36, LLC, GC North Park, LLC, and ASH36, LLC (hereinafter collectively the defendants). On June 22, 2015, service was made upon the defendants pursuant to Limited Liability Company Law § 303 by delivery of the summons and complaint to the Secretary of State. The defendants failed to answer, and on October 26, 2015, the plaintiff mailed an additional copy of the summons and complaint to the defendants at their business addresses. On or about December 16, 2015, the plaintiff moved for leave to enter a default judgment against the defendants. The plaintiff's unopposed motion was granted in an order dated January 29, 2016. Thereafter, the defendants moved, inter alia, to vacate the order dated January 29, 2016, pursuant to CPLR 5015(a)(1), 317, and 3215(g)(4)(i). In an order entered April 14, 2016, the Supreme Court denied the defendants' motion. The defendants appeal.
"A defendant seeking to vacate a default pursuant to CPLR 5015(a)(1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense" (Dalton v Noah Constr. & Bldrs., Inc., 136 AD3d 730, 731; see Li Fen Li v Cannon Co., Inc., 155 AD3d 858, 859; Peck v Dybo Realty Corp., 77 AD3d 640, 640-641). The determination of what constitutes a reasonable excuse generally lies within the sound discretion of the trial court (see 555 Prospect Assoc., LLC v Greenwich Design & Dev. Group Corp., 154 AD3d 909, 909; Madonna Mgt. Servs., [*2]Inc. v R.S. Naghavi M.D. PLLC, 123 AD3d 986, 987; Fried v Jacob Holding, Inc., 110 AD3d 56, 60).
Here, the owners of RN36, LLC, RM36 Development, LLC, ERA Greenpoint Management, LLC, DB36, LLC, GC North Park, LLC, and ASH36, LLC, asserted in affidavits that they did not receive notice of the action. However, each of these companies was served by delivery of the summons and complaint to the Secretary of State, and the owners do not contend that their addresses on file with the Secretary of State were incorrect. As such, the owners' mere denial of receipt of the summons and complaint was insufficient to rebut the presumption of proper service created by the affidavit of service showing service on the Secretary of State (see Montefiore Med. Ctr. v Auto One Ins. Co., 57 AD3d 958, 959; Levine v Forgotson's Cent. Auto & Elec., Inc., 41 AD3d 552, 553). With respect to AB Capstone, under the circumstances of this case, its failure to keep a current address on file with the Secretary of State did not constitute a reasonable excuse for its failure to appear or answer the complaint (see Vengrenyuk v Exxonmobil Oil Corp., 144 AD3d 670, 671; Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975; Castle v Avanti, Ltd., 86 AD3d 531, 531).
The defendants also moved to vacate their default pursuant to CPLR 317, which provides that a defendant who is not served with a summons by personal delivery may vacate an ensuing default and defend the action as long as it demonstrates that it did not personally receive notice of the summons in time to defend and has a potentially meritorious defense to the action (see Dalton v Noah Constr. & Bldrs., Inc., 136 AD3d at 731; Ferguson v Shu Ham Lam, 59 AD3d 387, 388; Udell v Alcamo Supply & Contr. Corp., 275 AD2d 453, 454).
Here, even assuming that the defendants did not personally receive the summons in time to defend, we agree with the Supreme Court's finding that the defendants failed to establish a potentially meritorious defense, since the defendants' proposed answer only contained general denials and was verified by the defendants' attorney, their affidavits did not address the condition of the sidewalk, and they did not submit an affidavit from an expert refuting the plaintiff's allegations regarding the condition of the sidewalk (see John v Rikud Realty, Inc., 149 AD3d 707, 709; Carillon Nursing & Rehabilitation Ctr., LLP v Fox, 118 AD3d 933, 934; Reilly-Whiteman, Inc. v Cherry Hill Textiles, 191 AD2d 486, 487).
Contrary to the defendants' argument, the plaintiff did not need to demonstrate her compliance with the additional notice requirement of CPLR 3215(g)(4). "By its express terms, the notice requirement is limited to situations where a default judgment is sought against a domestic or authorized foreign corporation' which has been served pursuant to Business Corporation Law § 306(b), and does not pertain to a limited liability company" such as AB Capstone and the other defendants (Gershman v Ahmad, 131 AD3d 1104, 1105 [citation omitted]; see CPLR 3215[g][4][i]; McKinney's Consolidated Laws of NY, Book 1, Statutes § 240; see also Confidential Lending, LLC v Nurse, 120 AD3d 739, 742).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit. Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendants' motion which was to vacate the order dated January 29, 2016.
LEVENTHAL, J.P., SGROI, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court