Acqua Capital, LLC v Camarella Contr. Co., Inc. (2018 NY Slip Op 05992)





Acqua Capital, LLC v Camarella Contr. Co., Inc.


2018 NY Slip Op 05992


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-08004
 (Index No. 58483/15)

[*1]Acqua Capital, LLC, appellant, 
v
Camarella Contracting Co., Inc., respondent, et al., defendant.


Max DiFabio (William Yarus, Pleasantville, NY, of counsel), for appellant.
Guy T. Parisi, Rye, NY (John A. Vitagliano of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a tax lien, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated June 27, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendant Camarella Contracting Co., Inc., which was pursuant to CPLR 317 to vacate a judgment of foreclosure and sale of the same court dated December 21, 2015, entered upon its default, on the condition that it pay all amounts owed within 30 days of the date of the order.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff purchased a tax lien against a parcel of property owned by the defendant Camarella Contracting Co., Inc. (hereinafter Camarella). The lien was for delinquent taxes owed to the defendant Village of Mamaroneck. The plaintiff commenced this action to foreclose on the lien, and Camarella failed to answer or appear. Thereafter, the Supreme Court issued a judgment of foreclosure and sale in favor of the plaintiff upon Camarella's default. Upon learning of the judgment, Camarella moved, inter alia, pursuant to CPLR 317 to vacate its default on the ground that it never received notice of the delinquency, of its right to redeem, or of the foreclosure action, and that it had paid other municipal taxes of which it received notice and was ready, willing, and able to pay the Village taxes at issue and all of the plaintiff's expenses in acquiring and enforcing the lien. The court granted the motion to vacate on the condition that Camarella pay all amounts owed within 30 days of the date of the order. The plaintiff appeals.
CPLR 317 provides that a defendant who is not served by personal delivery in an action may vacate its default as long as it demonstrates that it did not personally receive notice of the lawsuit in time to defend against the action and shows that it possesses a potentially meritorious defense (see Dalton v Noah Constr. & Bldrs., Inc., 136 AD3d 730, 731; Ferguson v Shu Ham Lam, 59 AD3d 387, 388; Udell v Alcamo Supply & Contr. Corp., 275 AD2d 453). The determination of a motion pursuant to CPLR 317 is addressed to the sound discretion of the trial court, "the exercise of which will generally not be disturbed if there is support in the record therefor" (Calderon v 163 Ocean Tenants Corp., 27 AD3d 410 [internal quotation marks omitted]; see Anamdi v Anugo, 229 AD2d 408).
Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in granting that branch of Camarella's motion which was pursuant to CPLR 317 to vacate the judgment of foreclosure and sale on the condition that it pay all amounts owed within 30 days of the date of the order. Service of the summons and complaint in the foreclosure action was made upon Camarella by delivering the pleadings to the Secretary of State (see Business Corporation Law § 306), which did not constitute personal delivery (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 142; Marinoff v Natty Realty Corp., 17 AD3d 412, 413), and Camarella's submissions in support of the motion established that it did not receive actual notice of the foreclosure action in time to defend (see Brickhouse Masonry, LLC v Windward Bldrs., Inc., 101 AD3d 919, 920; Fleisher v Kaba, 78 AD3d 1118, 1119). Moreover, under the circumstances of this case, Camarella succeeded in setting forth a potentially meritorious defense to the foreclosure action. Finally, the evidence does not suggest that Camarella's failure to update its service address with the Secretary of State constituted a deliberate attempt to evade notice; hence, that failure did not preclude the granting of relief to it under CPLR 317 (see Dalton v Noah Constr. & Bldrs., Inc., 136 AD3d at 731; Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975; Cohen v Michelle Tenants Corp., 63 AD3d 1097, 1098; Arabesque Recs. LLC v Capacity LLC, 45 AD3d 404; Hon-Kuen Lo v Gong Park Realty Corp., 16 AD3d 553).
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court