Berardi Stone Setting, Inc. v Stonewall Contr. Corp. (2019 NY Slip Op 02053)





Berardi Stone Setting, Inc. v Stonewall Contr. Corp.


2019 NY Slip Op 02053


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-01294
 (Index No. 55925/16)

[*1]Berardi Stone Setting, Inc., respondent, 
v
Stonewall Contracting Corp., appellant.


Rich, Intelisano & Katz, LLP, New York, NY (Robert J. Howard and Daniel E. Katz of counsel), for appellant.
Piscionere & Nemarow, P.C., Rye, NY (Anthony G. Piscionere and Michael J. Konicoff of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated January 16, 2018. The order denied the defendant's motion to vacate a judgment of the same court entered August 25, 2017, upon its failure to appear or answer the complaint.
ORDERED that the order is reversed, on the facts, with costs, and the defendant's motion to vacate the judgment entered August 25, 2017, is granted.
The defendant is a general contractor that was retained in connection with a public improvement project at Atlantic Terminal in Brooklyn. The defendant performed part of the work, but also subcontracted a portion of the work to the plaintiff. On April 28, 2016, the plaintiff commenced this action against the defendant by filing a summons and complaint. On August 9, 2016, the summons and complaint were served on the defendant by delivery to the Secretary of State, and on August 17, 2016, an affidavit of service reflecting same was filed. No answer was filed or received. On August 25, 2017, a default judgment was entered in favor of the plaintiff and against the defendant in the sum of $815,833.90. On November 3, 2017, the defendant moved to vacate the default judgment pursuant to, inter alia, CPLR 317. The Supreme Court denied the motion, and the defendant appeals.
CPLR 317 permits a defendant who has been "served with a summons other than by personal delivery" to defend the action upon a finding by the court that the defendant "did not personally receive notice of the summons in time to defend and has a meritorious defense" (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Taieb v Hilton Hotels Corp., 60 NY2d 725, 728; Schacker Real Estate Corp. v 553 Burnside Ave., LLC, 133 AD3d 586, 587). In order to obtain vacatur of a default judgment pursuant to CPLR 317, a defendant must establish that it moved to vacate the default within one year after it obtained knowledge of entry of the judgment, that it did not receive notice of the summons in time to defend, that it did not deliberately attempt to avoid service, and that it has a potentially meritorious defense (see Lange v Fox Run Homeowners Assn., Inc., 127 AD3d 823).
Here, the defendant submitted the sworn affidavit of one of its officers, who stated that the defendant did not learn of the action or the judgment until October 23, 2017, and that less than two weeks after that date, it moved to vacate the judgment. The officer further stated that by letters dated February 29, 2016 and June 3, 2016, the plaintiff was advised that the defendant had moved its place of business from an address in Queens to an address in Westchester County. There was no evidence that the defendant received actual notice of the summons delivered to the Secretary of State, which does not constitute personal delivery, in time to defend this action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 142; Acqua Capital, LLC v 510 W. Boston Post Rd, LLC, 164 AD3d 1195). Although the defendant did not explain why it failed to update its address with the Secretary of State, "there is no necessity for a defendant moving pursuant to CPLR 317 to show a reasonable excuse for its delay" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 141 [internal quotation marks omitted]; see Benchmark Farm, Inc. v Red Horse Farm, LLC, 162 AD3d 836, 837). Furthermore, there is no basis in the record to conclude that the defendant deliberately attempted to avoid service, especially since the plaintiff had actual knowledge of the defendant's Westchester County business address at least two months before the summons and complaint were filed in this action and, thus, could have attempted to serve the defendant personally pursuant to CPLR 311 (see Benchmark Farm, Inc. v Red Horse Farm, LLC, 162 AD3d at 837; Schacker Real Estate Corp. v 553 Burnside Ave., LLC, 133 AD3d at 587; Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975; Grosso v MTO Assoc. Ltd. Partnership, 12 AD3d 402). Nor is there any evidence that the defendant was placed on notice that the address on file with the Secretary of State was incorrect (see Grosso v MTO Assoc. Ltd. Partnership, 12 AD3d at 403; cf. Santiago v Sansue Realty Corp., 243 AD2d 622). Moreover, the defendant met its burden of demonstrating the existence of a potentially meritorious defense, namely that this action is limited by a certain liquidating agreement contained in paragraph 7(b) of the parties' subcontract (see Marie Zere Assoc. v Vanguard Ventures, 139 AD2d 569, 570).
Under these circumstances, the Supreme Court should have granted the defendant's motion to vacate the default judgment (see Benchmark Farm, Inc. v Red Horse Farm, LLC, 162 AD3d at 838; Schacker Real Estate Corp. v 553 Burnside Ave., LLC, 133 AD3d at 588; Jacobsen v S & F Serv. Ctr. Co., Inc., 131 AD3d 450, 452).
The parties' remaining contentions need not be addressed in light of our determination.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court