Bing Fang Qiu v Cameo Owners Corp. (2019 NY Slip Op 03561)





Bing Fang Qiu v Cameo Owners Corp.


2019 NY Slip Op 03561


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-06585
2018-02465
 (Index No. 9485/14)

[*1]Bing Fang Qiu, respondent, 
v
Cameo Owners Corp., appellant, et al., defendant.


Kenneth K. Ho, Flushing, NY (Yangting Guo of counsel), for appellant.
James Lo (Alexander J. Wulwick, New York, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Cameo Owners Corp. appeals from (1) an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered May 10, 2017, and (2) an order of the same court entered January 22, 2018. The order entered May 10, 2017, denied the motion of the defendant Cameo Owners Corp. to vacate so much of a judgment of the same court entered October 19, 2015, as, upon its failure to appear or answer the complaint, was in favor of the plaintiff and against it, and for leave to serve a late answer. The order entered January 22, 2018, denied that branch of the motion of the defendant Cameo Owners Corp. which was for leave to renew its prior motion. ORDERED that the order entered May 10, 2017, is reversed, on the facts and in the exercise of discretion, and the motion of the defendant Cameo Owners Corp. to vacate so much of the judgment entered October 19, 2015, as, upon its failure to appear or answer the complaint, was in favor of the plaintiff and against it, and for leave to serve a late answer is granted; and it is further,
ORDERED that the appeal from the order entered January 22, 2018, is dismissed as academic in light of our determination on the appeal from the order entered May 10, 2017; and it is further, ORDERED that one bill of costs is awarded to the defendant Cameo Owners Corp.
On February 6, 2014, the plaintiff allegedly was injured when she slipped and fell on snow and ice on a sidewalk adjacent to premises located in Queens. On June 19, 2014, the plaintiff commenced this action to recover damages for personal injuries against the owner of the premises, the defendant Cameo Owners Corp. (hereinafter Cameo), and the property manager, the defendant Tribor Management, Inc. (hereinafter Tribor). The plaintiff served both defendants pursuant to Business Corporation Law § 306, by delivering copies of the summons and complaint to the office of the Secretary of State. The defendants failed to appear or answer the complaint, and the plaintiff moved for leave to enter a default judgment. On March 16, 2015, the Supreme Court granted the plaintiff's motion, and, following an inquest, entered a judgment on October 19, 2015, in favor of the plaintiff and against the defendants. Thereafter, Cameo moved on or about October 24, 2016, by order to show cause, to vacate so much of the judgment as was in favor of the plaintiff and against it pursuant to CPLR 317 and 5015(a), and for leave to serve a late answer. Cameo argued, among other things, that it had [*2]not received notice of the summons and complaint because the address on file with the Secretary of State was outdated. In an order entered May 10, 2017, the Supreme Court denied Cameo's motion in its entirety. In an order entered January 22, 2018, the court, inter alia, denied that branch of Cameo's motion which was for leave to renew its prior motion.
We agree with the Supreme Court's determination that the incorrect address on file with the Secretary of State did not constitute a reasonable excuse sufficient to vacate Cameo's default pursuant to CPLR 5015(a)(1) (see Franklin v 172 Aububon Corp., 32 AD3d 454, 454-455; Santiago v Sansue Realty Corp., 243 AD2d 622, 623). However, the Supreme Court should have granted that branch of Cameo's motion which was to vacate the judgment pursuant to CPLR 317. Pursuant to that section, "[a] defendant who has been served with a summons other than by personal delivery may be allowed to defend the action within one year after he or she obtains knowledge of entry of the judgment upon a finding of the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense" (Benchmark Farm, Inc. v Red Horse Farm, LLC, 162 AD3d 836, 837; see CPLR 317; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141-142). "[T]here is no necessity for a defendant moving pursuant to CPLR 317 to show a reasonable excuse' for its delay" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 141; see Benchmark Farm, Inc. v Red Horse Farm, LLC, 162 AD3d at 837). In support of its motion, Cameo submitted an affidavit from Anton Lekic, a principal of Cameo's current property manager, nonparty Murray Hill Management (hereinafter Murray Hill). Lekic explained that the former property manager, Tribor, was dismissed in January 2012, and that the subsequent property manager, SLJ Management, Inc., was dismissed in February 2013, at which time Murray Hill was hired. Lekic stated that the summons and complaint were sent to Cameo at Tribor's address, and that Cameo received none of the documents that were purportedly served in this case. He averred that Murray Hill received no notice of this action until learning that a check had been returned for insufficient funds because Cameo's bank accounts "had been frozen due to a subpoena issued in the current matter." There is no evidence in the record that Cameo or its agent received actual notice of the summons, which was delivered to the Secretary of State, in time to defend this action (see Benchmark Farm, Inc. v Red Horse Farm, LLC, 162 AD3d at 837; Dalton v Noah Constr. & Bldrs., Inc., 136 AD3d 730, 731; Schacker Real Estate Corp. v 553 Burnside Ave., LLC, 133 AD3d 586, 587; Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975). Furthermore, contrary to the Supreme Court's determination, there is no basis in the record to conclude that Cameo deliberately attempted to avoid service, especially since the plaintiff had knowledge of Cameo's actual business address (see Benchmark Farm, Inc. v Red Horse Farm, LLC, 162 AD3d at 837; Schacker Real Estate Corp. v 553 Burnside Ave., LLC, 133 AD3d 587; Tselikman v Marvin Ct., Inc., 33 AD3d 908, 909). In addition, through Lekic's affidavit, Cameo met its burden of demonstrating the existence of a potentially meritorious defense (see Hon-Kuen Lo v Gong Park Realty Corp., 16 AD3d 553).
The parties' contentions concerning the order entered January 22, 2018, which, inter alia, denied that branch of Cameo's motion which was for leave to renew its prior motion, have been rendered academic in light of our determination on the appeal from the order entered May 10, 2017 (see Goetz v Public Serv. Truck Renting, Inc., 162 AD3d 859, 861).
BALKIN, J.P., ROMAN, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court