Phyllis J. Andrade, Respondent,
against
Companion Animal Network, Inc., Doing Business as Low Cost Vet Mobile, Appellant. 




Companion Animal Network, Inc., d/b/a Low Cost Vet Mobile, appellant pro se.
Phyllis J. Andrade, respondent pro se.

Appeal from an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered November 27, 2017. The order denied defendant's motion to vacate a judgment of that court entered October 26, 2014 upon defendant's failure to appear in the action.




ORDERED that the order is affirmed, without costs.
In this small claims action, plaintiff seeks to recover damages for alleged veterinary malpractice involving the treatment of her pet dog. Defendant failed to appear at trial, and a judgment in the principal sum of $1,800 was entered against it. Defendant appeals from an order of the Civil Court denying its motion to vacate the judgment.
Defendant's conclusory denial of service failed to rebut the presumption that it had received notice of the claim (see CCA 1803 [a]; see also Alterman v Adelphi Academy of Brooklyn, 53 Misc 3d 152[A], 2016 NY Slip Op 51703[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Stoessel v Allstate Ins. Co., 28 Misc 3d 129[A], 2010 NY Slip Op 51244[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Consequently, to the extent that defendant seeks to vacate the judgment pursuant to CPLR 5015 (a) (4), defendant's motion papers failed to demonstrate its entitlement to relief. 
A defendant seeking to vacate a default pursuant to CPLR 317 must demonstrate that he or she "did not personally receive notice of the summons in time to defend and has a potentially [*2]meritorious defense" (Benchmark Farm, Inc. v Red Horse Farm, LLC, 162 AD3d 836, 837 [2018]; see also Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141-142 [1986]; Dalton v Noah Constr. & Bldrs., Inc., 136 AD3d 730, 731 [2016]). Furthermore, a defendant seeking vacatur of a default judgment pursuant to CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 141-142; Dalton v Noah Constr. & Bldrs., Inc., 136 AD3d at 731). 
It is undisputed that the Civil Court notified defendant by ordinary first class mail of the pendency of this action and its obligation to appear in court on a date certain, and that, after the expiration of 21 days, the first class mail had not been returned as undeliverable. Defendant's conclusory denial of service was inadequate to establish either lack of actual notice of the action in time to defend, or that it had a reasonable excuse for its default (see Alterman v Adelphi Academy of Brooklyn, 53 Misc 3d 152[A], 2016 NY Slip Op 51703[U], *1). We therefore conclude that the denial of defendant's motion to vacate the default judgment rendered substantial justice between the parties (see CCA 1804, 1807). In view of the foregoing, it is unnecessary to consider whether defendant sufficiently established the existence of a potentially meritorious defense to the action (see Bank of Am., N.A. v Welga, 157 AD3d 753, 754 [2018]; Bank of Am., N.A. v Agarwal, 150 AD3d 651, 652 [2017]; HSBC Bank USA, N.A. v Roldan, 80 AD3d 566 [2011]; Pappas v Sunrise Volkswagen, Inc., 48 Misc 3d 133[A], 2015 NY Slip Op 51070[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).
Accordingly, the order is affirmed. 
ELLIOT, J.P., PESCE and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 02, 2019